# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC GOODALL,** | * | |
| Petitioner, | * | |
| v. | * | Criminal No. RWT-13-0668 |
| | * | Civil No. RWT-16-1892 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

This matter arises out of a criminal case wherein the Petitioner Eric Goodall ("Goodall") was charged with two counts of possession with intent to distribute controlled substances and one count of being a felon in possession of ammunition. ECF No. 9. Prior to trial, Goodall pled guilty to all counts. ECF Nos. 29, 30. Now pending before the Court is Goodall's petitions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (§ 2255 Motion) in which he outlines a number of arguments for ineffective assistance of counsel and substantive defects that he believes are proper grounds for relief. *See* ECF Nos. 65, 75.

## BACKGROUND

On October 22, 2013, United States Postal Inspectors intercepted a package containing an Arizona Iced Tea jug with 3.6 kilograms of a mixture containing phencyclidine ("PCP") being delivered to the address of a home owned by Goodall. *See* ECF No 30-1 at 1. The next day, law enforcement conducted a controlled delivery of the package at that address; Goodall answered the door and accepted the package. *See id.* Immediately thereafter, law enforcement conducted a search of the home pursuant to a valid search warrant and apprehended Goodall, who attempted to flee. *See id.* Law enforcement's search uncovered Goodall's receipt for a return parcel

(subsequently intercepted), which contained $80,000 in currency. *See id.* Also on October 23, 2013, United States Postal Inspectors intercepted yet another package containing an Arizona Iced Tea jug with 3.6 kilograms of a mixture containing PCP that was also addressed for delivery to that same home owned by Goodall. *See id.* at 2.

After his arrest, law enforcement conducted a search pursuant to a second valid search warrant on October 25, 2013—this time at a different address that Goodall identified as his current home. *See id.* Among other things, this search uncovered $22,316 in currency, a Porsche purchased with drug-related proceeds, a scale, a grain alcohol bottle, an Arizona Iced Tea jug with PCP residue, and a box of ammunition (located in his bedroom). *See id.*

On December 4, 2013, a federal grand jury returned a three-count indictment charging Goodall with: one count of possession with intent to distribute one kilogram or more of a substance containing a detectable amount of PCP in violation of 21 U.S.C. § 841(a)(1); one count of attempting the same; one count of attempted possession with intent to distribute one kilogram or more of a substance containing a detectable amount of PCP in violation of 21 U.S.C. § 841(a)(1); and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). ECF No. 9. Pursuant to a plea agreement, Goodall pled guilty to all three counts on August 21, 2014. ECF Nos. 29, 30. On May 27, 2015, the Court sentenced Goodall to 156 months of imprisonment followed by five years of supervised release. ECF Nos. 48, 50.

Having waived his right to appeal in his plea agreement, ECF No. 30 at 6–7, Goodall never appealed his conviction or sentence. On June 1, 2016, Goodall filed his initial § 2255 Motion, ECF No. 65, and on August 26, 2016, he filed an amended § 2255 Motion, ECF No. 75.

The Government responded in opposition on January 19, 2017, ECF No. 81, and Goodall replied in support of his Motion on April 24, 2017 and May 1, 2017, ECF Nos. 84, 85.[1]

**DISCUSSION**

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *See id.*

**I.   Goodall's Claims for Ineffective Assistance of Counsel are Meritless.**

Goodall presents various arguments for ineffective assistance of counsel—(1) counsel's failure to have the PCP mixture independently tested, (2) counsel's failure to inform Goodall that he was ineligible for the Residential Drug Abuse Program ("RDAP"), (3) counsel's failure to inform Goodall about the availability of *nolo contendere* pleas, (4) counsel's failure to challenge the two drug counts as duplicative, and (5) counsel's failure to object to errors in the Presentence Investigation Report ("PSR") or raise arguments for a reduction at sentencing. *See* ECF No. 65 at 2–6; ECF No. 75 at 3–8. The Court finds that these arguments are contradicted by the record and have no legal basis.

---

[1] Goodall's lengthy replies do not identify any new facts or present any new evidence. Goodall merely provides a cacophony of disjointed legal arguments that have limited bearing on the instant matter. Predominantly, Goodall argues that the Government's Response is insufficient as an Answer under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 84 at 9–12; ECF No. 85. While he uses buzz words like "factual innocence" and "prosecutorial misconduct," *see* ECF No. 84 at 19–20, the surrounding text does not contain any cogent arguments, but rather, a copy-paste of generally irrelevant legal precedent.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a defendant must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694; *see also United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("[I]n the guilty plea context, a person challenging his conviction must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"). Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland*, 466 U.S. at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

***PCP Testing.*** Goodall erroneously claims (1) that "only a field test" was ever performed on the PCP mixtures and (2) that his counsel should have challenged the evidence by ordering

4

further testing because the state of the liquid was unsuitable for retail sale (and thus, would have required further synthesis, resulting in a lower yield of the actual drug at the point of sale). *See* ECF No. 75 at 3-4. However, the mixtures confiscated during the course of the investigation were analyzed and verified by a DEA laboratory. *See* ECF No. 81-1. Furthermore, the quality of the mixture is irrelevant to a defendant's culpability under the law. Whether the mixture required further distillation or whether it was ready for illicit use, the first substance Goodall possessed and the second substance Goodall attempted to possess were each greater than 3 kilograms of "mixture[s] or substance[s] containing a detectable amount of PCP." Thus Goodall's argument holds no water, and he "cannot surmount the standard required for ineffectiveness because defense counsel 'is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.'" *See Myers v. United States*, No. RWT-14-cv-2428, 2015 WL 3654496, at *4 (D. Md. June 11, 2015) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir.1990)).

*RDAP Program.* Goodall asserts that he would not have pled guilty had he been made aware that he would not qualify for the RDAP program and its corresponding sentencing reduction. *See* ECF No. 75 at 4. However, contrary to this unsubstantiated claim, the Court was clear at Goodall's rearraignment hearing that acceptance into the RDAP program was not a guarantee. *See* ECF No. 67 at 19 ("And *if you were eligible for* and successfully participated in a specific program that the Bureau of Prisons has for those with drug or alcohol abuse problems, *you might be able to get* a slight additional reduction.") (emphasis added). Goodall confirmed his understanding on the record, *see id.*, and it is well established that where "the trial court properly informed [the defendant] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him," *see, e.g.*, *United States v. Foster*,

68 F.3d 86, 88 (4th Cir. 1995). Additionally, any RDAP credit would have been modest and contingent on successful completion; therefore, Goodall is unable to "establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lawson v. United States*, No. RWT-17-cv-122, 2018 WL 1795339, at *2 (D. Md. Apr. 16, 2018) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

*Nolo Contendere Pleas.* Goodall claims that his trial counsel was deficient for failure to negotiate a *nolo contendere* plea with the Government. *See* ECF No. 75 at 5. However, Goodall's attorney did, in fact, successfully negotiate a plea agreement with the Government. *See* ECF No. 30. Indeed, *nolo contendere* pleas are relatively rare, but the nature of the plea as guilty or *nolo contendere* is of no prejudicial consequence in a habeas petition since the resulting sentences would likely be the same. Despite Goodall's substantial criminal history, his attorney actually obtained a very beneficial plea agreement. Thus, "the Court will not play Monday-morning-quarterback [because] [t]hese were strategic decisions that carry 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *See Akande v. United States*, No. RWT-16-cv-2666, 2018 WL 2445569, at *3 (D. Md. May 31, 2018) (quoting *Strickland*, 466 U.S. at 689).

*Multiplicitous Counts.* Goodall argues that Count One (possession with intent to distribute a controlled substance) is multiplicitous of Count Two (attempted possession with intent to distribute a controlled substance), and his trial attorney was defective for failing to challenge them as such. *See* ECF No. 75 at 5–6. However, the record contradicts Goodall's assertion because the criminal conduct related to each of the two offenses is discrete. Count One pertains to a package of PCP intercepted by law enforcement on October 22, 2013, and which was possessed by Goodall as a result of a controlled delivery on October 23, 2013. *See*

6

ECF No. 9 at 1; ECF No. 30-1 at 1. Count Two pertains to a second package of PCP intercepted by law enforcement on October 23, 2013 *after* the controlled delivery took place. *See* ECF No. 9 at 2; ECF No. 30-1 at 1–2. While the criminal conduct is similar in scheme and appearance, the controlled substances are the result of independent transactions and deliveries. However, assuming *arguendo* that these counts were duplicative, Goodall's sentence is 156 months imprisonment for Count One and 156 months imprisonment for Count Two, served concurrently. Therefore, even if the Court were to remove one of these convictions altogether, Goodall would not suffer any prejudice because his term of imprisonment would remain the same.[2]

***Trial Attorney's Performance at Sentencing.*** Goodall argues that his trial attorney failed to challenge errors in the PSR and failed to raise arguments at his sentencing hearing regarding sentencing reductions. *See* ECF No. 75 at 5–6. Goodall never attempts to identify these purported errors, but regardless, this—like all of Goodall's claims—is completely contradicted by the record. Goodall's attorney did object to the PSR, *see* ECF No. 33 at 22; he filed a sentencing memorandum challenging the PSR's sentencing range and arguing for a downward departure and variance, *see* ECF No. 38 at 3–6; and he raised additional arguments at the sentencing hearing, *see, e.g.*, ECF No. 71 at 4–6, 14. Additionally, Goodall's counsel succeeded in persuading the Court to issue a lower sentence (156 months) than what the Government was seeking (175 months). *See* ECF No. 71 at 30–31. It is unclear what else Goodall's attorney could have done, and the Court concludes that counsel's performance certainly "falls within the wide range of reasonable professional assistance" required under the Sixth Amendment. *Strickland*, 466 U.S. at 689.

---

[2] *See, e.g.*, *Myers v. United States*, No. RWT-14-cv-2428, 2015 WL 3654496, at *4 (D. Md. June 11, 2015) ("Removal of any singular charge or conviction would not have resulted in a shorter total term of imprisonment, and therefore, [the prisoner] cannot demonstrate prejudice on these grounds.").

None of Goodall's claims for ineffective assistance of counsel possess any merit,[3] each is contradicted by the record, and none result in prejudice. Accordingly, defense counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, post-conviction § 2255 motion.

## II. Goodall's Remaining Claims are Procedurally Barred.

In addition to his ineffective assistance of counsel claims, Goodall asserts that this Court lacked jurisdiction over him because there was no proof that the ammunition—related to his felon-in-possession charge—ever traveled interstate. *See* ECF No. 75 at 4–5. And despite the ammunition being found in his bedroom, Goodall further argues that the record does not establish that the ammunition was in his dominion or control. *See id.* Lastly, Goodall alleges (1) that his pretrial detention was oppressive, and (2) that law enforcement's conduct towards him generally (and vaguely) was outrageous and in violation of due process. *See id.* at 6–9. The Court concludes that Goodall's remaining claims are procedurally barred because (1) he did not raise them on direct appeal and (2) he has failed to establish cause, prejudice, or actual innocence in order to prevail over his procedural default.

As a general rule, claims not raised on direct appeal are procedurally defaulted on habeas review because collateral attack is not a substitute for appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). For constitutional claims, a petitioner may surmount procedural default if he can demonstrate both cause and prejudice, or actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010); *Bousely v. United States*, 523 U.S. 614, 621 (1998). For a non-constitutional claim, petitioner must also prove "a fundamental defect which

---

[3] Construing Goodall's petition liberally, to the extent that any of his ineffective assistance of counsel claims contain a substantive argument, they not only lack merit, but would also be procedurally barred. *See infra* Section II.

inherently resulted in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a defendant can only establish actual prejudice when "the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, Goodall may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 615. And for the Court to entertain the collateral attack, a defendant must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Goodall provides no justification for failing to raise any of these claims on direct appeal. He presents no external factor that impeded him from doing so. Even if Goodall could establish cause, he cannot demonstrate an actual or substantial disadvantage to him or his case. For example, assuming *arguendo* that Goodall was correct with regard to the felon-in-possession charge, he would be unable to demonstrate prejudice because the 120 month sentence associated with Count Three runs concurrent to the 156 month sentences associated with the other two counts.[4] Lastly, while legally creative, none of the claims asserted by Goodall even attempt to present new or factual evidence that demonstrate his actual innocence. Goodall merely

---

[4] As for Goodall's claims of oppressive pretrial detention and outrageous actions by law enforcement, they remain unsubstantiated and lack any sort of specificity. Reading between the lines, the Court is certain that Goodall's time in pretrial detention was filled with stress, and he likely is not fond of law enforcement as a result of his criminal investigations. However, facing the consequences for one's criminal actions is not constitutionally guaranteed to be an enjoyable enterprise.

endeavors to establish legal innocence (i.e. challenges to jurisdiction, the sufficiency of the evidence, etc.), which is insufficient for § 2255 relief. *See Bousley*, 523 U.S. at 615.

Therefore, Goodall has not established the cause, prejudice, or actual innocence required to overcome his procedural default, and thus, all of his remaining claims are procedurally barred.

## CERTIFICATE OF APPEALABILITY

Goodall may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Goodall's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Eric Goodall's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that none of Goodall's ineffective assistance of counsel claims is adequate to satisfy the *Strickland* two-prong test. And all of Goodall's substantive claims lack merit and are procedurally barred. By separate order, Goodall's § 2255 Motion will be denied and no certificate of appealability shall issue.

Date: August 1, 2018

        /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE